SETH M. LEHRMAN (178303)
Email: seth@pathtojustice.com
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone:  (954) 524-2820
Facsimile: (954) 524-2822

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| RYOO DENTAL, INC. d/b/a/ RYOO DENTAL, individually and on behalf of all others similarly situated, | **CASE NO. 8:16-cv-01626-DOC** |
| | **JOINT RULE 26(f) REPORT** |
| Plaintiff, | **Complaint filed: September 2, 2016** |
| vs. | |
| OCO BIOMEDICAL, INC., | **Hon. David O. Carter** |
| Defendant. | |

Plaintiff, Ryoo Dental, Inc. d/b/a Ryoo Dental ("Plaintiff") and Defendant OCO Biomedical, Inc. ("OCO"), through their respective undersigned counsel, and pursuant to Rule 26(f) and Rule 16(b) of the Federal Rules of Civil Procedure and this Court's Order, file their Joint Rule 26(f) Report addressing discovery and other pretrial issues.

1. **Joint rule 26(f) report**

   a. **Synopsis:**

   **Plaintiff's Statement**

   Plaintiff alleges that on October 7, 2014, Defendant sent an unsolicited fax advertisement to Plaintiff's fax machine without Plaintiff's invitation or permission. Likewise, Plaintiff claims that during a four year period (September 2, 2012 through

September 2, 2016) Defendant sent the same or similar fax advertisement to class members' fax machines without their invitation or permission. Plaintiff claims that Defendant's transmission of these fax advertisements violates the TCPA and permits Plaintiff and every class member to recover statutory damages from Defendant for each violation of the statute. Plaintiff seeks to recover statutory damages under the TCPA, treble damages for willful violations of the statute, and injunctive relief.

**Defendant's Statement**

OCO disputes that it violated the TCPA and that Plaintiff, or any putative class member, is entitled to recover statutory damages, including treble damages. OCO further disputes that Plaintiff suffered any injury sufficient to establish standing and that Plaintiff is a proper class representative. Nor is Plaintiff's case entitled to class treatment as faxes were sent with consent, pursuant to established business relationships, and contained adequate opt-out language.

**b.    Legal issues:**

1.    Whether the action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2.    The legal relationship between Defendant and any person or entity who sent the subject fax advertisements on behalf of Defendant to Plaintiff and class members.

3.    Whether the subject fax advertisements contained the opt-out notice required by the TCPA and its regulations;

4.    Whether Plaintiff and/or the putative class have alleged harm sufficient to establish Article III standing pursuant to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016);

5.    Whether Plaintiff and/or members of the putative class consented to receive facsimile transmissions by way of, *inter alia*, an established business relationship, publicly listing their fax numbers on an internet website or directory;

2

6.      Whether the fax advertisement sent to Plaintiff required an opt-out notice; and

7.      Whether Plaintiff and Class Members are entitled to permanent injunctive relief enjoining Defendant from continuing to engage in unlawful conduct.

**c.    Damages**

Plaintiff seeks: (a) statutory damages to the Plaintiff and the Class Members pursuant to 47 U.S.C. § 227(b)(3), of $500 for each of Defendant's violations of that statute; (b) If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent fax advertisements to the Class in violation of the TCPA, an award of statutory damages pursuant to 47 U.S.C. § 227(b) of $1,500, as authorized by 47 U.S.C. § 227(b)(3), for willful and/or knowing violations; (c) injunctive relief in the form of an order enjoining Defendant from engaging in any facsimile advertisement transmissions which violate the TCPA; (d) reasonable attorneys' fees and costs to the extent provided by law; (e) such other and further relief as the Court deems appropriate.

**d.    Insurance**

OCO is unaware of any available insurance.

**e.    Motions**

Plaintiff may seek leave to file a motion to amend the complaint. Plaintiff will file a motion for class certification.

Defendant may file a motion for summary judgment.  Further, defendant may seek a protective order to protect its confidential or trade secret information.

**f.    Discovery & Experts**

The parties do not propose any changes in Rule 26(a) disclosures.

Plaintiff will serve written discovery on Defendant, consisting of interrogatories and requests for production of documents.  Plaintiff will seek production of detail fax records, essentially a class list, from Defendant. Plaintiff believes that this document and the majority of discovery necessary in this case are Defendant's business records

3

1  which are in Defendant's possession, custody or control.  Alternatively, Plaintiff

2  believes that any relevant documents that are not in Defendant's possession or custody

3  are in Defendant's control because they are likely possessed by Defendant's

4  employee(s), agent, or service provider.

5      OCO will serve written discovery on Plaintiff, consisting of requests for

6  admission, interrogatories, and requests for production of documents.  OCO will seek

7  production of transmissions that Plaintiff alleges to have received as well as documents

8  and communications relating to any prior relationship with OCO and consent to receive

9  the transmission(s) at issue.

10      After Defendant completes its production, Plaintiff plans to take three or more

11  depositions.  Plaintiff will depose Defendant's Rule 30(b)(6) designee(s) on the topics

12  set forth above. Plaintiff will also depose Defendant's employee(s), agents, and service

13  providers who sent or caused the subject facsimile advertisements to be sent.  OCO

14  will depose Plaintiff's Rule 30(b)(6) designee.

15      The parties propose that each party identify any expert witness whom that party

16  may call to testify and shall provide at that time a written report complying with

17  Fed.R.Civ.P. 26(a)(2)(B), except that, in accordance with Fed.R.Civ.P. 26(a)(2)(D)(ii),

18  expert testimony intended solely to contradict or rebut evidence on the same subject

19  matter identified by another party shall be disclosed within thirty (30) days of the other

20  party's disclosure.

21      **g.**   **Dispositive Motions**

22      The parties plan to file motions for summary judgment to adjudicate whether the

23  opt-out notice contained in the subject fax advertisements satisfies the requirements of

24  the TCPA and the applicable regulations; OCO also anticipates filing a motion for

25  summary judgment on the issue of standing.  Plaintiff intends to file a motion for class

26  certification pursuant to Rule 23.

27

28

### h.   Settlement and Settlement Mechanism

OCO has shared financial information with Plaintiff.  Plaintiff has not made a settlement demand and the parties have not otherwise engaged in any settlement discussions or communications. The parties have elected private mediation pursuant to L.R. 16-15.4 to occur by **August 7, 2017**.

### i.   Trial Estimate

The trial of this matter will be by jury. The parties anticipate that the trial of this matter will take approximately two to four days.  Plaintiff's counsel anticipates that it would call the following witnesses to testify at trial: (1) Plaintiff, (2) Defendant's Rule 30(b)(6) designee, (3), (4) and (5) Defendant's employee(s), agent or service provider who sent or caused to be sent the facsimile advertisements that are the subject of this lawsuit.  OCO anticipates calling its Rule 30(b)(6) designee as a witness at trial.

### j.   Timetable

See the attached timetable.

### k.   Other issues

The parties will seek the entry of a mutually agreeable protective order to protect certain information from wide dissemination and disclosure outside of the parameters of this case, and it appearing to the Court that the parties each may have an interest in the confidentiality and security of business, patient, and personal documents and information during discovery and pending full trial on the merits of asserted claims.

OCO may also move to consolidate this case with a previously filed TCPA class action, *Marcus v. OCO Biomedical Inc.*, No. 3:16-cv-01519 (District of New Jersey).

### l.   Conflicts

Ryoo Dental, Inc. does not have any parent, subsidiary or affiliate entities.

### m.   Patent cases

Not applicable.

### n.   Magistrates

The parties do not request that the case be decided by a magistrate judge.

1                                    Respectfully submitted,

2   Dated: January 9, 2017         FARMER, JAFFE, WEISSING,

3                                    EDWARDS, FISTOS & LEHRMAN, P.L.

4                                    By */s/ Seth M. Lehrman*

5                                    SETH M. LEHRMAN

6                                    Attorneys for Plaintiff
RYOO DENTAL, INC. d/b/a

7                                    RYOO DENTAL

8   Dated: January 9, 2017         MINTZ LEVIN COHN FERRIS

9                                    GLOVSKY AND POPEO, P.C.

10                                  By */s/ Esteban Morales*

11                                    JOSHUA BRIONES (SBN 205297)
ESTEBAN MORALES (SBN 273948)

12                                    Telephone (310) 586-3200

13                                    Facsimile (310) 586-3202
Attorneys for Defendant

14                                    OCO BIOMEDICAL, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JUDGE DAVID O. CARTER - SCHEDULE OF TRIAL AND PRETRIAL DATES**

| Matter | Time | Parties' Request | Court Order |
|---|---|---|---|
| Trial date jury - Trials held on Tuesdays | 8:30 am | 3/13/18 | |
| Final Pretrial Conference (4-6 weeks after motion cut-off) | 11:00 a.m. (Mondays) | 12/18/2017 | |
| Last day for hearing motions (6-8 weeks after disco cut-off) | 1:30 pm (Mondays) | 12/14/2017 | |
| Final Motion Cut-Off (6-8 weeks after discovery cut-off) | (Mondays) | 11/20/2017 | |
| Discovery Cut-Off | | 10/10/2017 | |

**ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE**

| | | | |
|---|---|---|---|
| Last Day to Conduct Settlement Conference | | 09/22/2017 | |
| Motion for Class Certification | | 10/23/2017 | |
| Last day to amend pleadings or add parties | | 3/9/2017 | |