Seth M. Lehrman (178303)
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

Attorneys for Plaintiff
Ryoo Dental, Inc. d/b/a/ Ryoo Dental

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| RYOO DENTAL, INC. d/b/a RYOO DENTAL and RICHARD MARCUS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> OCO BIOMEDICAL, INC., <br><br> Defendant. | Case No.: 8:16-cv-01626-DOC-KES <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** <br><br> Assigned to the Honorable David O. Carter <br><br> **DATE:**       **November 13, 2017** <br> **TIME:**       **8:30** A.M. <br> **COURTROOM: 9C** <br><br> [Filed and Served Concurrently with Proposed Order] |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 13, 2017 at 8:30 a.m., before the United States District Court, Central District of California, Southern Division, Courtroom 9D, 411 West Fourth Street, Santa Ana, CA, 92701 (9th Floor), Ryoo Dental, Inc. d/b/a Ryoo Dental and Richard Marcus ("Plaintiffs") will move this Court for an order granting preliminary approval of the class action settlement and certification of the settlement class as detailed in Plaintiff's Memorandum of Points and Authorities.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, exhibits thereto, the Complaint, all other pleadings and papers on file in this action, and upon such other evidence and arguments as may be presented at the hearing on this matter.

Date: October 10, 2017

**Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.**

By: */s/ Seth M. Lehrman*
    SETH M. LEHRMAN
    Attorneys for Plaintiffs

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-3

Plaintiffs' counsel certifies that prior to filing the instant motion, the parties, through counsel, met and conferred pertaining to the subject matter of the instant motion. Defendant does not oppose this motion.

Date: October 10, 2017

**Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.**

By: */s/ Seth M. Lehrman*
    SETH M. LEHRMAN
    Attorneys for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................. i

TABLE OF AUTHORITIES ............................................................ iii

I. INTRODUCTION ...................................................................... 1

II. STATEMENT OF FACTS ............................................................ 3

    A. Factual Background ........................................................ 3

    B. Proceedings to Date....................................................... 4

        1. The Ryoo Action .................................................... 4

        2. The Marcus Action ................................................. 4

        3. The Mediation ....................................................... 5

    C. Statement of Facts.......................................................... 5

        1. The Settlement Class .............................................. 5

            a. The Settlement Class ...................................... 5

            b. Class Membership Determination.................... 5

        2. Settlement Payment................................................ 6

        3. Monetary Benefit to Class Members and Class Notice..................... 6

        4. Scope of Release ................................................... 9

        5. Opportunity to Opt Out and Object........................... 9

        6. Payment of Notice and Administrative Costs ................ 9

        7. Class Representatives' Application for Incentive Award................. 9

        8. Class Counsels' Application for Attorneys' Fees, Costs, and Expenses................ 10

        9. *Cy Pres* Distribution. ............................................. 10

III. ARGUMENT........................................................................ 11

    A. The Legal Standards for Preliminary Approval of a Class Action Settlement................ 11

    B. Liability is Highly Contested and Both Sides Face Significant Challenges in Litigating this Case ................ 13

    C. Defendant's Agreement to Finance the Common Benefit Fund Provides a Fair and Substantial Benefit to the Class.................... 14

PLAINTIFFS' NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

i

**D. The Settlement was Reached as the Result of Arm's-Length Negotiation, Without Collusion, with the Assistance of the Mediator** ..............................................................14

**E. The Settlement Experienced Counsel Have Determined that the Settlement is Appropriate and Fair to the Class** ...........................15

**F. The Court Should Preliminarily Certify the Class for Purposes of Settlement** ............................................................................15

**G. The Proposed Class is Numerous.** ...............................................16

**H. The Commonality Requirement is Satisfied, Because Common Questions of Law and Fact Exist.** ...............................................16

**I. The Typicality Requirement is Met.** ...........................................17

**J. The Adequacy Requirement is Satisfied.** .....................................17

**K. Common Questions Predominate, Sufficient to Certify a Class for Settlement Purposes Only.** ........................................................18

**L. Class Treatment for Settlement Purposes is Superior to Individual Resolutions.** ............................................................................19

**M. The Proposed Class Notice is Consistent with Ninth Circuit Requirements and Provides Adequate Notice for Claims, Objections and Opt Outs.** ..........................................................20

**N. The Court Should Preliminarily Certify the Class for Purposes of Settlement.** ............................................................................22

**O. The Court Should Appoint Epiq Systems, Inc. as the Settlement Administrator** .........................................................................23

**P. Final Approval Hearing Should be Scheduled** ..............................23

**IV. CONCLUSION** ..............................................................................24

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods. Inc. v. Woodward*, 521 U.S. 591 (1997)..........................................19

*Barani v. Wells Fargo Bank, N.A.*, 2014 WL 1389329 (S.D. Cal. Apr. 9, 2014) ...21

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)............................13

*Elkins v. Equitable Life Ins. of Iowa*, 1998 WL 133741 (M.D. Fla. Jan. 27, 1998)19

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) .................... passim

*Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964)16

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200 (S.D.N.Y. 1995) ........................................................................................................................11

*Kirkorian v. Borelli*, 695 F.Supp. 446 (N.D. Cal.1988) ...........................................13

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978)..................23

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998)................13

*Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal. May 29, 2012) ............................................................................................................................21

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152 (9th Cir. 2001) ...................................................................18, 19

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)...................20

*Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982) ....11, 12

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970) ..........................................................................12

*Schaffer v. Litton Loan Servicing, LP*, 2012 WL 10274679 (C.D. Cal. Nov. 13, 2012) ............................................................................................................................21

*Silber v. Mabon*, 18 F.3d 1449 (9th Cir. 1994)..........................................................20

*Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688 (M.D. Fla. 2005) .............19

*Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370 (9th Cir. 1993).......................22

**PLAINTIFFS' NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

iii

*Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989) ................................................................................................11

*Valentino v. Carter-Wallace*, 97 F.3d 1227 (9th Cir. 1996)....................................19

*Wehner v. Syntex Corp.*, 117 F.R.D. 641 (N.D. Cal. 1987)........................................17

*West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971)....................12

*Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ..15, 17

**Statutes**

28 U.S.C. § 1715 ................................................................................2, 9, 24

Fed. R. Civ. Proc. 23(e) ................................................................................11

Federal Rule of Civil Procedure 23(b)(3) ...................................................... passim

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*........................ passim

**Other Authorities**

*Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004)....................11

*Moore's Federal Practice – Civil* § 23.165[3] (3d ed.)..........................................12

*Newberg on Class Actions* § 11.25 *et seq.*, and § 13.64 (4th ed. 2002 and Supp. 2004) ................................................................................................11

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

Plaintiffs Ryoo Dental, Inc. d/b/a Ryoo Dental ("Ryoo") and Richard Marcus ("Marcus") (collectively, "Plaintiffs" or "Class Representatives"), individually and on behalf of the "Settlement Class" (as defined below), submit this motion for preliminary approval of a proposed settlement ("Settlement") of this action ("Litigation") and certification of the proposed Settlement Class. Defendant OCO Biomedical, Inc. ("OCO" or "Defendant") does not oppose Plaintiffs' motion. (Plaintiffs and Defendant shall collectively be referred to as the "Parties"). The terms of the Settlement are set forth in the Settlement Agreement ("Agreement").[1] See Declaration of Seth Lehrman ("Lehrman Decl."), par.12, Ex. A and Declaration of Ross Schmierer ("Schmierer Decl."), Ex. B.

The proposed Settlement resulted from the Parties' participation in an all-day mediation session before the Honorable Hon. Carl J. West (Ret.) of JAMS and subsequent settlement discussions. The Settlement provides for a real financial benefit to the Class Members. The Settlement Class, totaling 3,232, consists of all persons or business entities who were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of OCO on or after March 18, 2012 ("Class Period").

The compromise Settlement reached with the guidance of Judge West will create a Settlement Fund of $275,000, also called "Settlement Benefits," to be established by OCO. The amount of the Settlement Fund shall not be reduced as a result of any member of the Settlement Class electing to opt out or be excluded from the Settlement or for any other reason. The Settlement Fund will pay for a Settlement Administrator, Kurtzman Carson Consultants, LLC, which will be responsible for providing notice to the Settlement Class, providing notice of this

---

[1]  Unless otherwise specified, capitalized terms used in this memorandum are intended to have the same meaning ascribed to those terms in the Agreement.

proposed settlement under 28 U.S.C. § 1715 ("Class Action Fairness Act" or "CAFA"), providing and disbursing settlement checks to Class Members who submit a claim form and who do not opt-out, creating and maintaining a Settlement Website, maintaining a toll-free telephone number, preparing an Opt-Out List, preparing a list of persons submitting objections to the settlement, and acting as a liaison between Class Members and the Parties regarding the settlement. Settlement members who submit a Valid Claim Form and do not opt-out will receive by check a pro rata share of the Settlement Fund (after deduction of Settlement Administration Costs, attorneys' fees, expenses, and costs to Class Counsel, as approved by the Court,  and Class Representative Awards, if any, to the Representative Plaintiffs).  The two Representative Plaintiffs each will receive an incentive payment of $5,000 (subject to Court approval) for bringing and litigating this action.  Class Counsel will request an attorneys' fee reimbursement award of up to $68,500 (i.e., 25% of the $275,000 Settlement Fund) and litigation costs and expenses (not to exceed $12,000), subject to Court approval, to be paid out of the Settlement Fund.  Any unclaimed funds from uncashed settlement checks, including settlement checks to Class Members who submit Valid Claim Forms but whose current valid addresses could not be determined shall be delivered to *cy pres* recipient Medical Aid for Children of Latin America, Inc. ("MACLA"),[2] or any other *cy pres* recipient selected by the Parties and approved by the Court.  This *cy pres* payment from the Settlement Fund is after all settlement costs and direct payments to the Settlement Class are paid.

In consideration for the Settlement Fund, Plaintiffs, on behalf of the proposed Settlement Class ("Class"), will dismiss the Litigation and unconditionally release and discharge OCO and other Released Parties from all

---

[2] MACLA is a 501(c)(3) Non-Profit Organization that, free of charge since the 1980s, has been treating underprivileged patients with physical deformities such as cleft lips and palates.  More about MACLA can be found at http://www.macla.org.

claims relating to the Litigation.

While Plaintiffs are confident of a favorable determination on the merits, they have determined that the proposed Settlement provides significant benefits to the Settlement Class and is in the best interests of the Settlement Class. Plaintiffs also believe that the Settlement is appropriate because Plaintiffs recognize the expense and amount of time required to continue to pursue the Litigation, the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims, and the challenges of collecting a judgment. Similarly, as evidenced by the Agreement, OCO believes that it has substantial and meritorious defenses to Plaintiffs' claims, but has determined that it is desirable to settle the Litigation on the terms set forth in the Agreement.

Plaintiffs believe that the proposed Settlement satisfies all of the criteria for preliminary approval. Accordingly, Plaintiffs seek an order preliminarily approving the proposed Settlement, provisionally certifying the Settlement Class under Federal Rule of Civil Procedure 23(b)(3) ("Rule 23(b)(3)") for settlement purposes, directing dissemination of Class Notice, and scheduling a Final Approval Hearing.

## II.   STATEMENT OF FACTS

### A.   Factual Background

OCO is a manufacturer of dental implants and attachment systems, as well as a provider of dental implant courses. Lehrman Decl., par. 9.   It maintains a website with products and courses advertised. *Id.*  During the Class Period, OCO sent to telephone facsimile machines 3,242 unsolicited advertisements without proper opt-out notices in connection with its marketing campaigns. *See Id.*, par. 10. Plaintiffs alleged that OCO violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), by sending to their and the Class's telephone facsimile machines unsolicited advertisements that lacked proper opt-out notices. (Dkt. No. 1, par. 3)   Plaintiffs contend that they and the Class are entitled to

statutory damages under the TCPA.  OCO has vigorously denies that it violated the TCPA, and denies all charges of wrongdoing or liability asserted against it. (Dkt. No. 13, par. 3 and 4)

**B.   Proceedings to Date**

**1.   The Ryoo Action.**

On September 2, 2016, Ryoo filed a Class Action Complaint in *Ryoo Dental, Inc. v. OCO Biomedical Inc.*, Case No. 8:16-cv-01626 (C.D. Cal.) ("Ryoo Action)."   Ryoo alleged a cause of action for unintentional and intentional violations of the TCPA based on unsolicited facsimile advertisements.   Ryoo sought $500 per violation and $1,500 for each intentional violation, as well as injunctive relief.  Ryoo's claim was brought on behalf of a class of individuals who allegedly received from OCO unsolicited facsimile advertisements. (Dkt. No. 1.) On November 17, 2016, OCO answered Ryoo's Complaint and pleaded numerous affirmative defenses. (Dkt. No. 13.)  Ryoo and OCO submitted a joint proposed scheduling plan.  (Dkt. No. 19.)  On January 13, 2017, the Court ordered private mediation.  (Dkt. No. 21.)

**2.   The Marcus Action.**

On March 18, 2016, Marcus filed a Class Action Complaint in *Richard Marcus v. OCO Biomedical Inc*., Case No. 3:16-cv-01519-AET-LHG (D. N.J.) ("Marcus Action") for alleged violations of the Telephone Consumer Protection Act. Schmierer Decl., par. 5.  On May 5, 2016, Defendant filed an answer to the complaint pleading numerous defenses. *Id.*, par. 6. On September 13, 2016, Plaintiff served: (i) Request for Admissions; (ii) First Set of Requests for the Production of Documents; and (iii) First Set of Interrogatories. *Id.* par. 12.   On October 24, 2016, the Defendant served its responses to this discovery. *Id.* par. 13. The parties met and conferred concerning Defendant's production and participated in a discovery telephone conference with Magistrate Judge Goodman on November 16, 2016. *Id.* par. 16-17.   Plaintiff served documents responsive to

Defendant's requests in December 2016 and January 2017. *Id.* par. 18-19.    On February 10, 2017, Defendant filed a motion for summary judgment. *Id.* par. 25.

### 3.    Mediation.

Because of the similarity in the classes pleaded in the Ryoo Action and the Marcus Action, Plaintiffs agreed to mediate both actions together and work jointly going forward.   Lehrman Decl., par. 13. Therefore, the Parties attended all-day mediation with the Honorable Hon. Carl J. West (Ret.) of JAMS on March 3, 2017. *Id.* The Parties did not resolve the case at the all-day mediation, but with continued assistance from Judge West reached this Settlement. *Id.*  As part of the proposed settlement, the Parties agreed to seek the transfer of the Marcus Action to the Central District of California and for Marcus to be consolidated with the instant action. *Id.* As set forth below, Plaintiffs request that the Court approve the Settlement.

### C.    **Statement of Facts**

#### 1.    **The Settlement Class**

##### a.    **The Settlement Class**

The "Settlement Class" is defined in the Agreement as follows:

*"all persons or business entities who were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of OCO Biomedical, Inc. on or after March 18, 2012."*

(Agreement § 10.7.)

##### b.    **Class Membership Determination**

The Settlement Class consists of all persons who were sent OCO's facsimile advertisements during Class Period, as stated above. Agreement, 10.7. Based on information produced by OCO through discovery, the number of successful fax transmissions is approximately 3,242. Lehrman Decl., par. 10.

5

## 2.   *Settlement Payment*

Under the Proposed Settlement, OCO agrees to establish a Settlement Fund in the amount of $275,000 in order to fund the following:   (1) Settlement Administration Costs; (2) attorneys' fees, up to $68,750, i.e., 25% of the Settlement Fund, and costs and expenses to Class Counsel, up to $12,000, as approved by the Court; (3) incentive awards, if any, to the Representative Plaintiffs, up to $5,000 each; and (4) Class recovery on a pro rata basis to Class Members who submit a Valid Claim Form.  (Agreement § 10.35, p. 4)  Any funds remaining as the result of uncashed checks shall be paid to by *cy pres* distribution to MACLA.  (*Id.* § 10.35.1.)    The amount of the Settlement Fund shall not be reduced as a result of any members of the Settlement Class electing to opt out or be excluded from the Settlement or for any other reason. (*Id.* § 10.35.1.)

### 3.   Monetary Benefit to Class Members and Class Notice

The Settlement Agreement provides for $275,000 in cash benefits (minus Settlement Administrations Costs, attorneys' fees, costs, and expenses, and any incentive awards) to Class Members on a pro rata basis after the claims period. There are approximately 3,232 Class Members with unique facsimile numbers that received facsimile advertisements from OCO.  The Claims Administrator will provide notice first via First Class U.S. Mail within 35 days of the Preliminary Approval Order.  (*Id.* §§ 12.1-12.3.)  Claims Forms will also be available on the Settlement Website and online Claim Forms.

The Claim Period will be the period of 60 days from the initial mailing of Class Notice to the Class by the Settlement Administrator.  (*Id.* § 10.5.)

Class Members who Opt Out, must postmark and mail to the Settlement Administrator a request to opt out before the Objection Deadline, which will be 75 days following entry for the Preliminary Approval Order (*id.* § 12.6); and the deadline to Opt Out and Object will be 55 days after mailing of the Class Notices (*id.* §§ 12.1, 12.2, 12.6, 12.7).

The Class Members who file a Claims Form and do not Opt Out or Object will each receive a pro-rata share.  After fees, costs and administration expenses, it is estimated there will be approximately $134,250 for the Settlement Class to be distributed pro-rata. If each Class Member filed a Claims Form and did not Opt Out or Object, then the Class Member would receive approximately $41. If ten percent of the Class Members (323 individuals) filed Claims Forms, they would receive approximately $410 each. Lehrman Decl., par. 16. The settlement amount to class members is comparable to numerous similar TCPA class action settlements which have been approved by courts within the Ninth Circuit and California in particular.  Below is a chart of similar TCPA class action settlements that have received approval, including the value to each proposed class member for the respective case. Lehrman Decl., par. 15.

| Case and No. | Size of Class | Settlement Amount | Value per Class Member |
|---|---|---|---|
| Robles v. Lucky Brand Dungarees, Inc. Case No. 3:10-cv-04846 (NDCA) | 216,000 | $9.9 Million | $100 maximum |
| Adams v. AllianceOne, Inc. Case No. 08-cv-0248 (SDCA) | 5.63 Million | $9 Million | $40 maximum |
| Hartman v. Comcast Business Communications 2:10-cv-00413-RSL (WDWA) | 148,843 | $3.8 Million | $25.53 maximum |
| Hovila v. Tween Brands, Inc. 09-cv-00491-RSL | 100,000 | $5.33 Million Max | $20 Cash; or $45 Gift |

| Case and No. | Size of Class | Settlement Amount | Value per Class Member |
|---|---|---|---|
| (WDWA) | | | Certificate |
| Clark v. Payless Shoesource, Inc. 09-cv-00915-JCC | 8 Million | $6.25 Million | $25 Gift Certificate |
| Cubbage v. The Talbots, Inc. 09-cv-00911-BHS (WDWA) | 18,000 | $1.44 Million | $80 Gift Certificate ($40 Cash Value) |
| In Re Jiffy Lube 3:11-md-02261 | 2.3 Million | $47 Million | $17.29 Gift Certificate ($12.97 Cash Redemption) |
| Bellows v. NCO Financial 07-cv-1413-W(AJB) (SDCA) | Unknown, but in the thousands | $950,000 | $70 |
| Lemieux v. Global Credit & Collection 08-cv-1012-IEG(POR) (SDCA) | 27,844 | $505,000 | $70 |
| Gutierrez v. Barclays Group 10-cv-1012 (SDCA) | 66,100 | | $100 |
| Arthur v. Sallie Mae, Inc. 10-cv-0198, (WDWA) | | $24.15 Million | Between $20 and $40 |

Lehrman Decl., par. 15.

8

### 4.   Scope of Release

The scope of the release by all Class Members who do not request exclusion includes any and all claims against the Released Parties arising out of facsimile advertisements sent by or on behalf of OCO to telephone facsimile machines during the Class Period. (Agreement §§ 18.1, 18.3). The release of claims does not extend to claims beyond those that related specifically to conduct in the pleadings, i.e. the transmission of OCO's facsimile advertisements.

### 5.   Opportunity to Opt Out and Object

As explained before, Class Members who Opt Out, must postmark and mail to the Settlement Administrator a request to opt out before the Objection Deadline, which will be 75 days following entry for the Preliminary Approval Order (Agreement § 12.6); and the deadline to Opt Out and Object will be 55 days after mailing of the Class Notices (*id.* §§ 12.1, 12.2, 12.6, 12.7).

Any Class Member who does not opt out and objects to the proposed settlement must also mail its objections in writing to the Court. (*Id.* § 12.7.)

### 6.   Payment of Notice and Administrative Costs

OCO will make three payments totaling $275,000 into an escrow account held by the Settlement Administrator. (Agreement §§ 15.2, 17) The Settlement Administrator will use these funds to administer all costs of the settlement, including providing Class Notice, proving CAFA notice, maintaining the website and toll-free number and arranging for payments to Class Members. The funds shall also be used to cover an Attorneys' Fee Award to Class Counsel and the Incentive Awards to Representative Plaintiffs. (*Id.* § 10.31, 13.5, 13.6, 17.)

### 7.   Class Representatives' Application for Incentive Award

The proposed Settlement contemplates that Class Counsel will request an Incentive Award in the amount of $5,000 for each Representative Plaintiff, subject to Court approval. (*Id.* § 13.6.) OCO has agreed not to oppose the request as long as it does not exceed $5,000 per Representative Plaintiff. (*Id.*)

District Courts in California have opined that in many cases, an incentive award of $5,000 is presumptively reasonable.  *See Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266-67 (N.D. Cal. Mar. 20, 2015) (finding that $5,000 payment is presumptively reasonable); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942-43 (9th Cir. 2015) (finding that district court did not abuse its discretion in approving settlement class in antitrust class action, despite objector's contention that the nine class representatives were inadequate because their representatives' awards, at $5,000 each, were larger than the $12 each unnamed class member would receive); *In re Toys R Us – Delaware, Inc. – Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 472 (C.D. Cal. Jan. 17, 2014) (finding that request for $5,000 incentive award for each named plaintiff in consumers' Fair and Accurate Credit Transactions Act action was reasonable; settlement agreement provided for such payments, and those awards were consistent with the incentive payments courts typically awarded).

### 8.   Class Counsels' Application for Attorneys' Fees, Costs, and Expenses

The proposed Settlement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees in the amount of  to $68,500 (i.e., 25% of the $275,000 Settlement Fund) and litigation costs and expenses up to $12,000. (Agreement § 13.5.)  Pursuant to the proposed Settlement, OCO will not oppose the application, as long as it does not exceed that amount.  (*Id.*)

### 9.   *Cy Pres* Distribution.

Under the proposed Settlement, there will not be a *cy pres* award except as to uncashed checks and similar leftover funds.  Provided that there is no increase in the amount of the Settlement Benefits required to be paid by OCO, OCO will not oppose a request for a *cy pres* award to MACLA.  (*Id.* § 10.35.2.)  The expected *cy pres* award is expected to be minimal.

10

**III.   ARGUMENT**

    **A.   The Legal Standards for Preliminary Approval of a Class Action Settlement**

A class action may not be dismissed, compromised or settled without the approval of the court. Fed. R. Civ. Proc. 23(e).  Judicial proceedings under Rule 23 have led to a defined procedure and specific criteria for settlement approval in class action settlements, described in the *Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004) ("*Manual*") § 21.63, *et seq.*, including preliminary approval, dissemination of notice to class members, and a fairness hearing. *Manual*, §§ 21.632, 21.633, 21.634. The purpose of the Court's preliminary evaluation of the settlement is to determine whether it is within the "range of reasonableness," and thus whether notice to the class of the terms and conditions of the settlement, and the scheduling of a formal fairness hearing, are worthwhile. *See* 4 Herbert B. Newberg, *Newberg on Class Actions* § 11.25, *et seq.*, and § 13.64 (4th ed. 2002 and Supp. 2004) ("*Newberg*").  The Court is not required to undertake an in-depth consideration of the relevant factors for final approval. Instead, the "judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Manual*, § 21.632 (4th ed. 2004).

As a matter of public policy, settlement is a strongly favored method for resolving disputes.  *See Utility Reform Project v. Bonneville Power Admin*., 869 F.2d 437, 443 (9th Cir. 1989).  This is especially true in class actions such as this. *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982).  As a result, courts should exercise their discretion to approve settlements "in recognition of the policy encouraging settlement of disputed claims." *In re Prudential Sec. Inc. Ltd. Partnerships Litig*., 163 F.R.D. 200, 209 (S.D.N.Y. 1995).  To make the preliminary fairness determination, courts may consider several relevant factors,

11

including "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status through trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; [and] the experience and views of counsel." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("*Hanlon*"). Furthermore, courts must give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* at 1027.

Preliminary approval does not require the Court to make a final determination that the settlement is fair, reasonable, and adequate.  Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement.  *See* 5 James Wm. Moore, *Moore's Federal Practice – Civil* § 23.165[3] (3d ed.).  Thus, in considering a potential settlement, the Court need not reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute, *West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971), and need not engage in a trial on the merits, *Officers for Justice v. Civil Service Comm'n,*  688 F.2d at  625.  Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement . . . may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

Preliminary approval of the settlement should be granted if, as here, there are no "reservations about the settlement, such as unduly preferential treatment of

class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys." *Manual for Complex Litigation* § 21.632, at 321 (4th ed. 2004).

Furthermore, the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *See, e.g.*, *Kirkorian v. Borelli*, 695 F.Supp. 446 (N.D. Cal. 1988) (opinion of experienced counsel carries significant weight in the court's determination of the reasonableness of the settlement); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).

The decision to approve or reject a proposed settlement "is committed to the sound discretion of the trial judge." *See Hanlon*, 150 F.3d at 1026. This discretion is to be exercised "in light of the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," which minimizes substantial litigation expenses for both sides and conserves judicial resources. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quotations omitted).

Based on these standards, Plaintiffs submit that, for the reasons detailed below, the Court should preliminarily approve the proposed Settlement as fair, reasonable and adequate.

**B.**   **Liability is Highly Contested and Both Sides Face Significant Challenges in Litigating this Case**

Defendant OCO has vigorously contested the claims asserted by Plaintiffs in this Litigation, as evidenced by OCO's summary judgment motion filed in the Marcus Action.   Moreover, OCO maintained that Plaintiffs' claims could be not certified as a class action if this case were to proceed in litigation.   OCO contended, among other alleged deficiencies, that Plaintiffs' proposed class is not ascertainable, that individual issues predominate over any common ones, and that a class action would be neither superior nor manageable.   OCO has raised more

than one dozen affirmative defenses, including prior express consent, uncertainty as to opt-out notice requirement, and lack of standing under Article III. (Dkt. No. 13 at 8-11.)

In considering the Settlement, Plaintiffs and Class Counsel carefully balanced the risks of continuing to engage in protracted and contentious litigation, against the benefits to the Class. As a result, Class Counsel support the Settlement and seek its Preliminary Approval.

While OCO believes that it has strong and meritorious defenses not only to the action as a whole, but also as to class certification and the amount of damages sought, OCO recognizes that if a class were certified, the damages could be significantly higher than the settlement amount and that the continuing viability of its business operations could be jeopardized.

The negotiated Settlement reflects a compromise between avoiding that risk and the risk that the class might not recover. Because of the costs, risks to both sides, and delays of continued litigation and potential appeals, the Settlement presents a fair and reasonable alternative to continuing to pursue the Litigation.

## C.   Defendant's Agreement to Finance the Common Benefit Fund Provides a Fair and Substantial Benefit to the Class

As set forth above, OCO has agreed to pay $275,000 to fund the settlement, which includes notice and claims administration costs, creating and maintaining a Settlement Website and toll-free number, providing CAFA notice, an Incentive Award of $5,000 to each Representative Plaintiff, and attorneys' fees in the amount of $68,750 and reimbursement of litigation costs and expenses of up to $12,000.

## D.   The Settlement was Reached as the Result of Arm's-Length Negotiation, Without Collusion, with the Assistance of the Mediator

The proposed Settlement is the result of intensive arm's-length negotiation,

including an all-day mediation session before the Hon. Carl J. West (Ret.) of JAMS on March 3, 2017. The Parties did not resolve the case at the mediation March. With the guidance of Judge West, and working independently, the Parties were able to reach a proposed resolution. The time and effort spent examining and investigating the claims militate in favor of preliminary approval of the proposed Settlement, as the process strongly indicates that there was no collusion. *See In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair.").

### E. The Settlement Experienced Counsel Have Determined that the Settlement is Appropriate and Fair to the Class

The Parties are represented by counsel experienced in complex class action litigation. Class Counsel have extensive experience in class actions, as well as particular expertise in class actions relating to consumer protection and specifically the TCPA. Class Counsel believe that under the circumstances, the proposed Settlement is fair, reasonable and adequate and in the best interests of the Class Members.

### F. The Court Should Preliminarily Certify the Class for Purposes of Settlement

Courts have long acknowledged the propriety of class certification for purposes of a class action settlement. *See In re Wireless Facilities*, 253 F.R.D. at 610 ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes"). Certification of a class for settlement purposes requires a determination that certain requirements of Rule 23 are met. *Id.* As explained below, class certification is appropriate here because the Proposed Settlement meets the requirements of Rule 23(a) and Rule 23(b)(3) for settlement purposes.

### G.     The Proposed Class is Numerous.

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be impracticable.  "Impracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).  "[N]umerosity is presumed where the plaintiff class contains forty or more members."  *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009). Here, the Settlement Class consists of 3,232 recipients of OCO's facsimile advertisements during the Class Period.  Thus, the proposed Class is sufficiently numerous for purposes of certifying a settlement class.

### H.     The Commonality Requirement is Satisfied, Because Common Questions of Law and Fact Exist.

The commonality requirement is met if there are questions of law and fact common to the class. *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent legal factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.").  Here, for purposes of settlement, the proposed Class Members' claims stem from the same factual circumstances, specifically the sending of OCO's allegedly unsolicited facsimile advertisements without proper opt-out notices during the Class Period.

Plaintiffs' claims also present questions of law that are common to all members of the Class for settlement purposes, including (1) whether OCO's fax advertisements contained the opt-out notice required by the TCPA; (2) whether OCO's fax advertisements violated the TCPA; (3) whether OCO willfully or knowingly violated the TCPA; and (4) whether statutory damages per facsimile or per violation of the TCPA applies.  The Settlement Class Members all seek the same remedy.   Under these circumstances, the commonality requirement is satisfied for purposes of certifying a settlement class.  *See Hanlon,* 150 F. 3d at

16

1019-20.

## I.   The Typicality Requirement is Met.

The typicality requirement is met if the claims of the named representatives are typical of those of the class, though "they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.   For purposes of settlement, Plaintiffs' claims are typical of the class because they arise from the same factual basis—unsolicited facsimile advertisements—and are based on the same legal theory, i.e., the faxes allegedly violated the TCPA.   *See Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).   The Class Representatives claim that they received unsolicited fax advertisements from OCO and that the faxes lacked proper opt-out notices. Accordingly, the Class Representatives' claims are typical of those of the Settlement Class. Thus, the typicality requirement is satisfied for purposes of certifying a settlement class.

## J.   The Adequacy Requirement is Satisfied.

Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).   The Court must measure the adequacy of representation by two standards: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Wireless Facilities*, 253 F.R.D. at 611 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003)).

Plaintiffs and Class Counsel have no conflicts of interest with other Class Members because, for purposes of the Settlement, Plaintiffs' claims are typical of those of other Settlement Class Members. In addition, Plaintiffs and Class Counsel have been prosecuting this Litigation vigorously on behalf of the Class. Plaintiffs and Class Members share the common goal of protecting and improving privacy rights throughout the nation, and there is no conflict among them.   Class

Counsel have extensive experience in consumer litigation, including the prosecution of class actions seeking to protect privacy and consumer rights, including MANY TCPA actions. See Lehrman Decl., par.par. 17-26 and Schmierer Decl., par.par. 28-31.  Class Counsel are qualified to represent the interests of the Class. Rule 23(a)(4) is therefore satisfied for purposes of certifying a settlement class.

### K.   Common Questions Predominate, Sufficient to Certify a Class for Settlement Purposes Only.

Class certification under Rule 23(b)(3) is appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).  The inquiry focuses on whether the class is "sufficiently cohesive to warrant adjudication by representation."  *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).  Central to this question is "'the notion that the adjudication of common issues will help achieve judicial economy.'"  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir.) (citation omitted), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001)

Here the central inquiry for purposes of the Proposed Settlement is whether OCO violated the TCPA by sending facsimiles to Plaintiffs and Class Members without permission, whether the fax advertisements sent to Plaintiff and Class Members required an opt-out notice, and whether Plaintiff and Class Members are entitled to permanent injunctive relief. (Dkt. No. 19 at 2-3.)  "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis."  *Hanlon*, 150 F.3d at 1022.

**L.** **Class Treatment for Settlement Purposes is Superior to Individual Resolutions.**

To determine whether the superiority requirements of Rule 23(b)(3) are satisfied, a court must compare a class action with alternative methods for adjudicating the parties' claims. Lack of a viable alternative to a class action necessarily means that a class action satisfies the superiority requirement. "[I]f a comparable evaluation of other procedures reveals no other realistic possibilities, [the] superiority portion of Rule 23(b)(3) has been satisfied." *Culinary/Bartenders Trust Fund*, 244 F.3d at 1163; *see also Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("[A] class action is a superior method for managing litigation if no realistic alternative exists").

Consideration of the factors listed in Rule 23(b)(3) supports the conclusion that, for purposes of a settlement class, certification is appropriate. Ordinarily, these factors are (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3).

However, when a court reviews a class action settlement, the fourth factor does not apply. In deciding whether to certify a settlement class action, a district court "need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prods. Inc. v. Woodward*, 521 U.S. 591, 620 (1997). "With the settlement in hand, the desirability of concentrating the litigation in one forum is obvious." *Elkins v. Equitable Life Ins. of Iowa*, No. Civ A96-296-Civ-T-17B, 1998 WL 133741, at *20 (M.D. Fla. Jan. 27, 1998); *see also Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (Rule 23(b)(3)(C) and (D) factors are "'conceptually irrelevant in the context of

settlement'") (citation omitted).  Here, the Rule 23(b)(3)(A), (B) and (C) factors all favor class certification:

- Any Settlement Class Member who wishes to pursue a separate action can opt out of the Settlement.
- The Parties are unaware of any competing litigation regarding claims at issue.
- Plaintiffs believe this forum is appropriate, and OCO does not oppose the forum.

**M.**  **The Proposed Class Notice is Consistent with Ninth Circuit Requirements and Provides Adequate Notice for Claims, Objections and Opt Outs.**

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must order the "best notice practicable" under the circumstances. Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).  Notice need only be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025.

Pursuant to Fed. R. Civ. P. 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Rule 23(c)(2)(B) also sets forth requirements as to the content of the notice.  The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; (vi)

20

the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).   Fed. R. Civ. P. 23(c)(2)(B).

The Settlement Administrator shall disseminate or arrange for the dissemination of Class Notice via postcard in a form materially consistent with Exhibit A to the Agreement.   The Class Notice here satisfies each of the requirements of Rule 23(c)(2)(B) above.   Further, mailed postcard notice has routinely been held to be adequate notice to a Settlement Class.   *See Schaffer v. Litton Loan Servicing, LP*, No. CV 05-07673 MMM JCX, 2012 WL 10274679, at *8 (C.D. Cal. Nov. 13, 2012) (approving notice plan where class members were sent postcards that directed them to a settlement website); *Lo v. Oxnard European Motors, LLC*, No. 11CV1009 JLS MDD, 2012 WL 1932283, at *1 (S.D. Cal. May 29, 2012) (final approval of class settlement using postcard notice and settlement website).

The Parties possess records of facsimile numbers to which OCO's faxes were sent during the Class Period.   OCO maintains name and address information for many, if not most of these recipients.   For those who for whom a valid address is not maintained by OCO, the Settlement Administrator will employ reverse telephone look-up procedures to identify the subscriber names and physical addresses associated with the mobile numbers identified on the Class List.   The Settlement Administrator will run the names and addresses obtained via this process through the National Change of Address database.   To the extent any physical address identified through reverse look-up is no longer valid, the Settlement Administrator will send Class Notice to any forwarding address that is provided. *See generally Barani v. Wells Fargo Bank, N.A.*, No. 12CV2999-GPC KSC, 2014 WL 1389329, at *10 (S.D. Cal. Apr. 9, 2014) (approving settlement in TCPA class action using reverse lookup to locate class members).

The notices and settlement documents will be disseminated and posted on

21

the Settlement Website sufficiently prior to the Final Approval Hearing to give Settlement Class Members the opportunity to comment on the Settlement, or to opt out and preserve their rights. Specifically, Settlement Class Members will have sufficient time after dissemination of Class Notice has been completed to opt out of the settlement or object. *Cf. Torrisi v. Tucson Elec. Power Co*., 8 F.3d 1370, 1374-1375 (9th Cir. 1993) (31 days is more than sufficient, as Class as a whole had notice adequate to flush out whatever objections might reasonably be related to the settlement) (citing *Marshall v. Holiday Magic, Inc*., 550 F.2d 1173, 1178 (9th Cir. 1977) (approving timing of notice which was mailed 26 days before the deadline for opting out of the settlement)). Further, the Settlement Website shall be maintained and accessible during this time and through the conclusion of the settlement proceedings in this case.

This notice program—centered on direct-mail notice—was designed to meaningfully reach the largest number of Settlement Class Members possible. Since the faxes at issue were sent within the past few years, mailed notice will likely reach most Settlement Class Members.

The concurrent dissemination of the Long Form Class Notice on the Settlement Website, combined with the Class Notice, satisfies the requirements of due process and constitutes the best notice practicable under the circumstances.

The Settlement Administrator shall prepare and file a declaration prior to the Final Approval Hearing certifying that the notice program has been properly administered in accordance with this Agreement, this Court's Orders, and as described herein.

**N.**     **The Court Should Preliminarily Certify the Class for Purposes of Settlement.**

"[T]wo criteria for determining the adequacy of representation have been recognized. First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must

not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). The adequacy of representation requirement is met here. For settlement purposes, Class Counsel move for Plaintiffs Ryoo Dental, Inc. d/b/a Ryoo Dental and Richard Marcus to be preliminarily appointed as the Class Representatives. Class Counsel request that Seth Lehrman of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L., Todd M. Friedman of Todd M. Friedman, P.C., Ronald J. Eisenberg of Schultz & Associates LLP, and Ross Schmierer of DeNittis, Osefchen Prince, P.C., preliminarily be appointed as Class Counsel for purposes of the Settlement. Plaintiffs' counsel has extensive experience sufficient to be appointed as Class Counsel. Plaintiffs understand the obligations of serving as class representatives, have adequately represented the interests of the putative class, and have retained experienced counsel. Plaintiffs have no antagonistic or conflicting interests with the Settlement Class, and all members of the Settlement Class are eligible for the same benefits.

## O. **The Court Should Appoint Kurtzman Carson Consultants, LLC, as the Settlement Administrator**

The proposed Agreement recommends that the Court appoint Kurtzman Carson Consultants, LLC, to serve as the Settlement Administrator, because that company specializes in providing administrative services in class action litigation, and has extensive experience in administering TCPA class action settlements. OCO does not oppose this request.

## P. **Final Approval Hearing Should be Scheduled**

The last step in the settlement approval process is the formal fairness or Final Approval Hearing, at which time the Court will hear all evidence and argument, for and against, the proposed Settlement. Plaintiffs requests that the Court grant preliminary approval of the Settlement and schedule a Final Approval Hearing to be held not before 130 days after the date of entry of the Preliminary

23

Approval Order, in order to allow sufficient time for providing CAFA Notice, the toll-free number and the Settlement Website, and completion of the period for class members to submit exclusion requests and objections.

## IV.    CONCLUSION

For all the foregoing reasons, Plaintiffs requests that the Court enter an Order preliminarily approving the proposed Settlement and certifying a class for settlement purposes.

Date: October 10, 2017                         FARMER, JAFFE, WEISSING,
                                                                  EDWARDS, FISTOS & LEHRMAN,
                                                                  P.L.

                                                                  By: */s/ Seth M. Lehrman*
                                                                       SETH M. LEHRMAN
                                                                       *Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

Filed electronically on this 10th day of October, 2017, with:

United States District Court CM/ECF system

Notification sent electronically on this 10th day of October, 2017, to:

Honorable Judge David O. Carter
United States District Court
Central District of California

Esteban Morales
Joshua Briones
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.

Attorneys for Defendant
OCO Biomedical, Inc.

/s/ Seth M. Lehrman, Esq.