JS-6

1

2

3

4

5

6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

7

8

9

10

11

| | |
|---|---|
| RYOO DENTAL, INC. d/b/a RYOO DENTAL and RICHARD MARCUS, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>OCO BIOMEDICAL, INC.,<br><br>Defendant. | Case No.: 8:16-cv-001626-DOC-KES<br><br>Judge: Honorable David O. Carter<br>**COURTROOM:** 9D<br><br>**FINAL ORDER OF JUDGMENT AND DISMISSAL** |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

This matter coming to be heard on Plaintiffs' Richard Marcus and Ryoo Dental, Inc.'s Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate notice having been given to the Class[1], and the Court having considered all papers filed and proceedings in this matter, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Class Members.

2. The Court preliminarily approved the Settlement Agreement by the Preliminary Approval Order dated November 21, 2017, and notice was given to the Class under the terms of the Preliminary Approval Order.

3. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Class and the defendants, and supporting declarations. The Court has also read and considered any written objections filed with the Clerk of the Court by Class Members. The Court held a hearing on June 4, 2018, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on October 20, 2017, and that ninety (90) days has passed without

---

[1] Unless otherwise defined herein, all capitalized terms have the same definition as set forth in the Settlement Agreement

2

comment or objection from any governmental entity. The Court has received no objections from any person regarding this Settlement.

4.      Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Class. Specifically, the complex legal and factual posture of the Action, and the fact that the Settlement is the result of arms' length negotiations presided over by a neutral mediator support this finding.

5.      Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following "Class":

> All persons or business entities who were sent a telephone facsimile
> message of material advertising the commercial availability or quality
> of any property, goods, or services by or on behalf of OCO Biomedical,
> Inc. on or after March 18, 2012.

6.      Under Federal Rule of Civil Procedure 23, Plaintiffs Richard Marcus and Ryoo Dental, Inc. are hereby appointed as class representatives and Edward Pottinger LLC; Todd M. Friedman, P.C., Schultz & Associates LLP; and DeNittis, Osefchen Prince, P.C. are appointed as Class Counsel.

7.      With respect to the Class, this Court finds for settlement purposes only that:  (a) the Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) the

claims of the class representatives, identified above, are typical of the claims of the Class; (d) the class representatives will fairly and adequately protect the interests of the Class; (e) the questions of law or fact common to the members of the Class predominate over the questions affecting only individual members, and (f) certification of the Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (A) the members of the Class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsels' representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Class; (C) it is desirable claims described in the Settlement Agreement are released against the Released Parties to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

8.     The Court has determined that the Class Notice given to the Class members, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Due Process, Federal Rule of Civil Procedure 23, and all applicable law.

9.     The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class

Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715

10.    No persons made timely and valid requests for exclusion from the Class.

11.    The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

12.    The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiffs and all Class members. The Court adjudges that the released claims described in the Settlement Agreement are released against the Released Parties.

13.    The Court adjudges that the Plaintiffs and all Class Members shall be deemed to have fully, finally and forever released and relinquished their claims against the Released Parties, as specified in the Settlement Agreement.

14.    After the Effective Date, all Class Members, including Representative Plaintiffs, are hereby permanently enjoined from commencing, prosecuting, or assisting in any suit against the Released Parties with respect to the fees, charges, conduct, services, acts, or omissions of the Released Parties relating to all matters within the scope of the releases contained in the Settlement Agreement.

15.    The Court further adjudges that upon the Effective Date, the above described release and the Settlement Agreement will be binding on and have res

judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiffs and all other Class Members, and their respective affiliates, assigns, heirs, executors, administrators, successors and agents. The Released Parties may file the Settlement Agreement and/or this Final Order of Judgment and Dismissal in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.   Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and the Settlement Class members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 14 above.

17.   The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $68,750 in legal fees plus up to $12,000 in

costs, equaling up to $80,750 total. This amount shall be paid from the Settlement Benefits in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Plaintiffs' counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the quantifiable value of the Settlement is $275,000. The Court therefore considers the Settlement to provide substantial benefits to the Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Plaintiffs' counsel. Third, the Court concludes that the Settlement was negotiated at arms' length and without collusion, and that negotiation of the attorneys' fees followed agreement on the settlement benefits for Class Members. Finally, the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

18.     The Court approves the incentive fee payment of $5,000 for Richard Marcus and $5,000 for Ryoo Dental, Inc., and specifically finds such amounts to be reasonable in light of the service performed by Plaintiffs for the class. This amount shall be paid from the Settlement Benefits in accordance with the terms of the Settlement Agreement.

19.     Neither this Final Order of Judgment and Dismissal nor the Settlement Agreement shall be construed or used as an admission or concession by or against

7

either OCO Biomedical, Inc. ("OCO") or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any released claims. This Final Order of Judgment and Dismissal is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by OCO or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, the Class Members, or OCO.

20.    Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Order of Judgment and Dismissal. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order of Judgment and Dismissal.


DATED: June 4, 2018
_____

_____
United States District Court Judge
Hon. David O. Carter